**UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION – FLINT**

In the Matter of:

AK Marketing, LLC,                                    Bankruptcy Case No. 12-32936
dba Country Lane Flower Shops                         Honorable Daniel S. Opperman
                                                      Chapter 11

        Debtor.

_____/

## ORDER CONFIRMING DEBTOR'S PLAN OF REORGANIZATION AND GRANTING FINAL APPROVAL OF DEBTOR'S DISCLOSURE STATEMENT

This case having come before the Bankruptcy Court for a hearing on the

confirmation of *Debtor's Combined Plan and Disclosure Statement* [Docket No. 39] (the

"Plan"); Debtor seeks entry of this order (the "Confirmation Order"); due and appropriate

notice under the circumstances having been given; all creditors and interested parties

have had an opportunity to be heard; the Bankruptcy Court having considered the Plan

and the record in this Chapter 11 case to date; due and sufficient factual and legal cause

appearing therefore; and the Bankruptcy court otherwise being fully advised in the

premises;

THE COURT FINDS THAT:

A.     The Bankruptcy court has jurisdiction over the bankruptcy case of the

Debtor (the "Bankruptcy Case") pursuant to 28 U.S.C. §§157 and 1334. Venue before

this court is proper pursuant to 28 U.S.C. §§ 1408 and 1409. The confirmation of the Plan

is a core proceeding under 28 U.S.C. §157(b)(2).

B.     All capitalized terms not defined herein have the meanings ascribed to

them in the Plan.

C. On July 13, 2012, the Debtor filed its bankruptcy petition commencing the Bankruptcy Case.

D. On January 9, 2013, the Debtor filed a Combined Plan of Reorganization and Disclosure Statement ("Plan")[Docket No. 39]

E. On January 11, 2013, the Court entered the *Order Granting Preliminary Approval of the Disclosure Statement and Scheduling Confirmation Hearing* ("Approval Order")[Docket No. 40].

F. Debtor has timely transmitted Ballots to the holders of Impaired Claims in accordance with the Approval Order and Rule 3018 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and copies of the Plan and the Approval Order have also been timely provided as required by the Approval Order to all claimants and interest holders or has provided adequate notice of the Plan, Disclosure Statement and the Approval Order.

G. Debtor has provided adequate notice of the plan, disclosure Statement and the Approval Order.

H. Several other informal objections were received by the Debtor, all of which have been resolved pursuant to the terms of this Order.

I. The Court has adduced that the Plan has satisfied all the conditions set forth in §1129(a) of the Bankruptcy Code.

J. All of the Objections have been withdrawn, resolved, or overruled pursuant to this Order. No Other objections to the confirmation of the Plan or approval of the Disclosure Statement have been filed.

K.      The Plan complies with all applicable provisions of the Bankruptcy Code and the Bankruptcy Rules including without limitation, §§1122 and 1123 of the Bankruptcy Code. Furthermore, the Plan satisfies all of the requirements of §1129(a) of the bankruptcy Code and L.B.R. 3020-1 (E.D.M.), and the court being fully advised in the premises;

IT IS ORDERED THAT:

1.      The Plan, including all of its terms, provisions and exhibits which are incorporated herein by reference, is confirmed, subject to the modifications set forth below. Where inconsistent, this Confirmation Order supersedes the Plan.

2.      All objections to confirmation of the Plan, which have not been withdrawn or resolved, are hereby expressly overruled.

3.      The Disclosure Statement is granted final approval under 11 U.S.C. §1125.

4.      The modifications contained in this Confirmation Order constitutes modifications allowed pursuant to 11 U.S.C. §1127 and do not adversely change the treatment of any Claim or Interest under the Plan. Accordingly, in accordance with Fed. R. Bankr. P. 3019, the Plan shall be deemed accepted by all Creditors and Interest Holders who have previously accepted the Plan, and it is not necessary for the Plan to be re-noticed to Creditors.

5.      With respect to the informal objection to plan confirmation by the Internal Revenue Service (the "IRS"), the following is hereby ordered, and resolves the informal objection.

(a) That the debt owed by the Debtor to the Internal Revenue Service (IRS) is a Non-Dischargeable debt, except as otherwise provided for in the Code, and that if the Debtor defaults, the IRS is not subject to the provisions of the Bankruptcy Code so that the IRS can take whatever actions are necessary to collect said debt in the event of default; the federal tax liens survive the plan confirmation, a bankruptcy discharge, and dismissal of the case. The Liens continue to be enforceable against all of the debtor's property under federal law.

(b) A failure by the Debtor to make a payment to the Internal Revenue Service pursuant to the terms of the Plan shall be an event of default, and as to the Internal Revenue Service, there is an event of default if payment is not received by the 15th day of each month. If there is a default, the Internal Revenue Service must send written demand for payment, and said payment must be received by the Internal Revenue Service within 15 days of the date of the demand letter. The Debtor can receive up to three notices of default from the Internal Revenue Service; however, on the third notice of default from the Internal Revenue Service the third notice cannot be cured, and the Internal Revenue Service may accelerate its allowed claim(s), past and future, and declare the outstanding amount of such claim(s) to be immediately due and owing and pursue any and all available state and federal rights and remedies. These default provisions pertain to the entire claim(s) of the Internal Revenue Service, secured, unsecured priority and unsecured general.

(c) The IRS is bound by the provisions of the confirmed plan and is barred under 11 USC 1141 from taking any collection actions against the debtors for prepetition claims during the duration of the Plan (provided there is no default as to the IRS). The period of

limitations on collection remains suspended under 26 USC 6503 (h) for the tax periods

being paid under the Plan and terminates on the earlier of (1) all required payments to the

IRS have been made; or (2) 30 days after the date of the demand letter (described above)

for which the debtor failed to cure the default.

(d) Notwithstanding anything to the contrary in Article V, Section 5.12 of the

Plan, the IRS shall retain its liens upon the effective date of the Plan.

6.    With respect to the informal objection to plan confirmation by Comerica

Bank (the "Bank"), the following is hereby ordered, and resolves the informal objection.

(a) The Allowed Comerica Secured Claim shall be paid in full pursuant to this

Plan. Comerica Bank shall possess an allowed secured claim in the amount of

$104,679.62. The allowed secured claim of Comerica Bank in the amount of $104,679.62

shall be paid in full within sixty (60) months of the Effective Date with accrued interest at

4.0% annually, beginning on the Effective Date and accruing interest until paid in full.

Payments shall be in equal monthly installments of $1,927.83 to Comerica Bank.

7.    With respect to the informal objections to plan confirmation by Michigan

Department of Treasury (State of Michigan), the following is hereby ordered, and

resolves the informal objection.

(a) The Michigan Department of Treasury (State of Michigan) shall possess an

allowed priority claim in the amount of $11,084.78. The allowed priority claims of the

Michigan Department of Treasury (State of Michigan) in the amount of $11,084.78 shall

be paid in full within sixty (60) months of the Effective Date with accrued interest at

4.25% annually, beginning on the Effective Date, and accruing interest until paid in full.

Payments shall be in equal monthly installments of $205.40 to the Michigan Department of Treasury (State of Michigan).

(b) The Michigan Department of Treasury (State of Michigan) shall possess an allowed secured claim in the amount of $11,206.25. The allowed secured claims of the Michigan Department of Treasury (State of Michigan) in the amount of $11,206.25 shall be paid in full within sixty (60) months of the Effective Date with accrued interest at 4.25% annually, beginning on the Effective Date, and accruing interest until paid in full. Payments shall be in equal monthly installments of $207.65 to the Michigan Department of Treasury (State of Michigan).

8. With respect to the informal objections to plan confirmation by State of Michigan Unemployment Insurance Agency (UIA), the following is hereby ordered, and resolves the informal objection.

(a) The State of Michigan Unemployment Insurance Agency (UIA) shall possess an allowed priority claim in the amount of $13,457.08. The allowed priority claims of the State of Michigan Unemployment Insurance Agency in the amount of $13,457.08 shall be paid in full within sixty (60) months of the Effective Date with an interest at 1.0% percent per month pursuant to M.C.L. 421.15 and 11 U.S.C. 511, beginning on the Effective Date, and accruing interest until paid in full. Payments shall be in equal monthly installments of $299.35 to the State of Michigan Unemployment Insurance Agency.

(b) The State of Michigan Unemployment Insurance Agency shall possess an allowed secured claim in the amount of $11,886.35 which shall be paid in full within sixty (60) months of the Effective Date with an interest at 1.0% percent per month

pursuant to M.C.L. 421.15 and 11 U.S.C. 511, beginning on the Effective Date, and accruing interest until paid in full. Payments shall be in equal monthly installments of $264.41 to the State of Michigan Unemployment Insurance Agency.

9.      No just reason exists for delay in the implementation of this Confirmation Order. The Bankruptcy court hereby directs entry of the judgment set forth herein. This Confirmation Order is a final and appealable order pursuant to Federal Rules of bankruptcy Procedure 7054(a) and 9014 and Federal Rule of Civil Procedure 54(b). This Bankruptcy court shall reserve and retain jurisdiction to enforce the terms of the Confirmation Order or rule upon any disputes arising from this Confirmation Order.

                                                  .

**Signed on February 20, 2013**

                              **/s/ Daniel S. Opperman**
                              **Daniel S. Opperman**
                              **United States Bankruptcy Judge**